IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TABITHA DEGUIDO,

    Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE     CASE NO.
COMPANY & STERLING JEWELERS
INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, TABITHA DEGUIDO (hereinafter "DEGUIDO"), by and through undersigned counsel, hereby sues Defendant, METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "METLIFE"), and Defendant, STERLING JEWELERS INC. (hereinafter "STERLING"), and states as follows:

## PARTIES

1. Plaintiff DEGUIDO is an adult resident of Florida and is *sui juris*.

2. Defendant METLIFE is a foreign company doing business in Florida.

3. Defendant STERLING is a foreign company doing business in Florida.

## JURISDICTION AND VENUE

4. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Thus, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. This is also an action for common law negligence where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

1

citizens of different states. Thus, this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. Venue is proper in this Court because Defendants have agents or other representatives in this district and the cause of action accrued in this district.

## GENERAL ALLEGATIONS

7. Erik Bakke worked for Defendant STERLING.

8. Plaintiff DEGUIDO was engaged to be married to Erik Bakke.

9. Defendant METLIFE provided life insurance coverage for Erik Bakke under Group Policy 163240, issued through Signet Jewelers which owns and/or controls Defendant STERLING. (A copy of the plan and/or policy documents was requested from Defendant METLIFE and from Signet Jewelers; however, neither provided it pre-suit. Thus, those same documents will be requested during discovery.)

10. Plaintiff DEGUIDO was, or should have been, the named primary beneficiary under the plan and/or policy for the life insurance benefits associated with Erik Bakke.

11. Plaintiff DEGUIDO watched Erik Bakke fill out the beneficiary form naming her as his beneficiary under his life insurance.

12. Specifically, in late August or early September 2013, Erik Bakke called Plaintiff DEGUIDO and asked her to come to his place of employment because he needed her information in order to fill out the life insurance beneficiary form.

13. When Plaintiff DEGUIDO arrived at Erik Bakke's place of employment, he was sitting at the desk of his manager, Ron Baldridge.

14. Plaintiff DEGUIDO provided Erik Bakke with information and watched him fill out and then sign and date the beneficiary form.

15. Erik Bakke then asked Ron Baldridge to print out a shipping label to send the beneficiary form to his employer's home office.

16. Ron Baldridge printed out the shipping label and the beneficiary form was put in the UPS pile to be shipped out that day.

17. Upon Erik Bakke's death, Plaintiff DEGUIDO submitted a claim for benefits under his life insurance policy.

18. Defendant METLIFE denied Plaintiff DEGUIDO's claim because, according to METLIFE, there was no beneficiary designation on file.

19. All conditions precedent to filing this lawsuit have been met or waived or compliance would be futile.

## COUNT ONE - METLIFE

20. Plaintiff DEGUIDO re-asserts each and every allegation contained in paragraphs 1-19 as if alleged herein.

21. Pursuant to 29 U.S.C. § 1132 (a)(1)(b), Plaintiff DEGUIDO seeks to recover benefits due to her under the terms of the plan and/or policy and/or to enforce her rights under the terms of the plan and/or policy.

22. Defendant METLIFE had a fiduciary responsibility to enforce the terms of the plan and/or policy.

23. Erik Bakke substantially complied with the change of beneficiary provisions of the policy/plan when he: (1) evidenced his intent to make Plaintiff DEGUIDO his beneficiary, and (2) attempted to effectuate the change by undertaking positive action which was for all practical purposes similar to the action required by the change of beneficiary provisions of the policy/plan.

3

24. Defendant METLIFE breached its fiduciary responsibility and failed to enforce the terms of the plan and/or policy when it refused to issue payment to Plaintiff DEGUIDO despite evidence that she was the true beneficiary.

25. Plaintiff DEGUIDO is entitled to the full amount of the life insurance benefits.

26. The amount owed is a liquidated amount and became liquidated on the date it was owed. Thus, Plaintiff DEGUIDO is owed prejudgment interest.

27. Additionally, Plaintiff DEGUIDO was required to retain the undersigned counsel and is owed reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132 (g).

**WHEREFORE**, Plaintiff DEGUIDO demands judgment against Defendant METLIFE for: (1) all general and special damages including but not limited to the full amount of life insurance benefits owed under the Policy; (2) pre-judgment interest; (3) court costs, (4) attorney's fees and costs; and (5) such other and further relief as the court deems proper.

## COUNT TWO – STERLING

28. Plaintiff DEGUIDO re-asserts each and every allegation contained in paragraphs 1-19 as if alleged herein.

29. Defendant STERLING, in its capacity as METLIFE's agent and the administrative record keeper for the Policy/Plan, was responsible for handling, maintaining, recording and/or storing its employees' beneficiary forms and/or provided a special service to them by doing so and thus undertook special duties to them.

30. Either way, Defendant STERLING, in its capacity as METLIFE's agent and the administrative record keeper for the Policy/Plan, owed Plaintiff DEGUIDO a duty to use reasonable care in handling, maintaining, recording and/or storing Erik Bakke's beneficiary form.

31. However, Defendant STERLING breached its duty to Plaintiff DEGUIDO when its representatives failed to use reasonable care in handling, maintaining, recording and/or storing Erik Bakke's beneficiary form.

32. As a direct and proximate result of Defendant STERLING's negligence, Plaintiff DEGUIDO did not receive $80,000 in insurance benefits.

**WHEREFORE**, Plaintiff DEGUIDO demands judgment against Defendant STERLING for: (1) all general and special damages including but not limited to the full amount of life insurance benefits that she did not receive a result of Defendant STERLING's negligence; (2) court costs; and (3) such other and further relief as the court deems just and proper.

Respectfully submitted,

_____
Michael B. Germain, Esq.
Trial Counsel for DEGUIDO
Florida Bar Number 066713
Germain Law Group
3412 W. Bay to Bay Blvd.
Tampa, Florida 33629
Phone: (813) 835-8888
Fax: (813) 835-8889
E-mail: mgermain@germainlawgroup.com
E-mail: rkinsey@germainlawgroup.com

5